**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **Criminal No. 06-00178-CG** |
| | * | |
| **RODERICK DEITS** | * | |
| | * | |

**ORDER OF FORFEITURE**

WHEREAS, in the Superseding Indictment in the above-entitled case, the United States sought forfeiture of property which represented drug proceeds, and/or property used to facilitate drug transactions of defendant Roderick Deits, pursuant to Title 21, United States Code, Section 853; and the forfeiture of any firearms and ammunition involved or used in the commission of the offense pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c);

AND WHEREAS, pursuant to the guilty plea and Plea Agreement entered into between the United States and defendant Roderick Deits, and for the reasons stated, it is hereby

ORDERED, ADJUDGED AND DECREED, that pursuant to Title 21, United States Code, Sections 841(a)(1) and 853, Title 18, United States Code, Section 924(d), and Federal Rule of Criminal Procedure 32.2(b), the interests of defendant Roderick Deits are hereby condemned and forfeited to the United States for disposition according to law in the following property:

1.  The residence and real property located at 12530 River Creek Drive, Fairhope, Alabama

2.  Ruger .22 caliber revolver, Model: New Model Single Six; Serial No. 66-68775

3.  Rossi .223 rifle, Model: R223YMB; Serial No. AS009609

4. Henry .22 magnum rifle; Serial No. GB025979M

5. Remington 30-06 rifle; Model: Woodmaster 742; Serial No. A7386100

6. High Standard .22 Revolver; Model: Sentinel Deluxe; Serial No. I452413

7. Norinco 7.62 mm rifle; Model: NHM91; Serial No. 9305493

8. Walther .22 pistol; Model: P22; Serial No. L019224

9. Taurus .22 pistol; Model: PT-22; Serial No. ARF82875

10. Marlin 30-30 rifle; Model: 336W; Serial No. 96034787

11. Bersa .380 pistol; Model: Thunder 380; Serial No. 493307

12. Ruger .22 revolver; Model: New Model Single Six; Serial No. obliterated

13. Henry .44 magnum rifle; Model 44 SPL; Serial No. BB11618

14. Rohm .22 revolver; Model RG10S; Serial No. 19064

15. Marlin .22 rifle; Model 17264764; Serial No. 17264764

16. Rohm .22 revolver; Model RG10; Serial No. 41136

17. Norinco 7.62 mm rifle, Model SKS; Serial No. 1618420

18. Taurus .45 pistol; Model PT145; Serial No. NUG69964

19. Ruger .44 magnum revolver; Model Redhawk; Serial No. 501-66620

20. A firearm barrel for .410 gauge Snake Charmer shotgun; a lower receiver of a .410 gauge Snake Charmer shotgun; a .22 caliber revolver cylinder

21. Leinad 9 mm pistol, Model PM-11, Serial No. 94-0026066

22. Hi-Point 9 mm rifle, Model 995, Serial No. B22981

23. Para-Ordinance 45 caliber pistol, Serial No. P111946

24. Makarov 9 mm pistol, Serial No. SHO7812

25. Snake Charmer .410 gauge shotgun lower receiver, Serial No. obliterated

26. Remington .20 gauge shotgun, Model 870LW, Serial No. V099981U

    27.    New England Arms .12 gauge shotgun, Model SB1, Serial No. NB298439

    28.    Smith and Wesson 9 mm pistol, Model 459, Serial No. A757416.

AND WHEREAS, by virtue of said guilty plea and Plea Agreement, the United States is now entitled to, and it should, pending possible appeal herein, reduce the said property to its possession and notify any and all potential third parties who have or may have an interest in the forfeited property, pursuant to Title 21, United States Code, Section 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

NOW THEREFORE, IT IS HEREBY **ORDERED, ADJUDGED AND DECREED**:

That based on the guilty verdict, and Fed.R.Crim.P 32.2(b)(3), and pursuant to the defendant's consent, all right, title and interest of defendant Roderick Deits in the above-described property is hereby forfeited to and vested in the United States of America for disposition in accordance with law, subject to the provisions of Title 18, United States Code, Section 853(n).

That the United States Marshal is hereby ORDERED to record forthwith a copy of this Order in the county where the above-described real property is located, and which Order, when recorded, shall be notice to any transferee or potential transferees, of the interest of the United States of America therein.

That the aforementioned property is to be held by the United States Marshals Service in their secure custody and control.

That pursuant to Title 21, United States Code, Section 853(n)(1), the United States Marshal forthwith shall publish at least once a week for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshals intent to dispose of the property in a manner as the Attorney General may direct, and notice that any person, other than

the defendant, having or claiming a legal interest in any of the above-described forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of their receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interest, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) for the filing of third-party petitions.

If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward thirty-five (35) certified copies of this Order to Assistant U.S. Attorney Gloria A. Bedwell, U.S. Attorney's Office, Southern District of

Alabama.

DATED this 11th day of June, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE